J-S29001-21
J-S29002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: M.A., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPEAL OF: E.B.-W., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 996 EDA 2021 |

Appeal from the Orders Entered April 22, 2021
In the Court of Common Pleas of Philadelphia County
Family Division at No(s): CP-51-DP-0000891-2017


| | | |
|---|---|---|
| IN THE INTEREST OF: M.A., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPEAL OF: N.A., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 997 EDA 2021 |

Appeal from the Orders Entered April 22, 2021
In the Court of Common Pleas of Philadelphia County
Family Division at No(s): CP-51-DP-0000891-2017


BEFORE: PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED NOVEMBER 23, 2021**

Appellant E.B.-W., M.A.'s mother (Mother), appeals from the orders

entered April 22, 2021, in Philadelphia Court of Common Pleas adjudicating

---

[*] Former Justice specially assigned to the Superior Court.

M.A. ("the child") dependent and removing the child from Mother's home, placing the child with a relative, and permitting weekly supervised visitation for Mother and for N.A. ("Father"). Father has also appealed the orders, raising the same argument pressed by Mother. We consolidate these appeals *sua sponte* and affirm.[1]

Mother brings the following claim for our review:

> Did the [trial court] err in removing the child from [Mother's] care where the Department of Human Services [(DHS)] failed to prove by clear and convincing evidence that there was a clear necessity to remove the child from [Mother's] care, and where there was not clear and convincing evidence that [the] child was without proper parental care by [Mother] at the time of trial[?]

Mother's Brief at 4. We note that while she purports to raise only one issue, the argument section of Mother's brief is split into two sections: one challenging the finding of dependency, and one challenging the finding that removal was clearly necessary. Father poses the following questions:

> 1. Was there insufficient evidence to adjudicate the child to be [dependent] pursuant to 42 Pa.C.S. § 6302?
>
> 2. Was there insufficient evidence for the lower court to remove the child from [Mother's and Father's] homes pursuant to 42 Pa.C.S. § 6351(a)(2)?

Father's Brief at 9. As both Mother and Father have raised identical issues, we will address them in concert. ***See Interest of A.D.-G.***, \_\_\_ A.3d \_\_\_, 2021

---

[1] The trial court submitted a statement per Pa.R.A.P. 1925(a), referring this Court to portions of the notes of testimony in which its reasoning is provided. ***See*** Trial Court's Notice of Compliance with Rule of Appellate Procedure 1925(a), June 17, 2021, at 1-2.

WL 397441 (Pa. Super. 2021) (holding that "courts make dependency findings as to individual children, not individual parents").

> The standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*Interest of A.C.*, 237 A.3d 553, 557 (Pa. Super. 2020) (citation omitted). "[A] decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will." *In re Adoption of S.P.*, 47 A.3d 817, 826 (Pa. 2012) (citation omitted).

The hearing concerned two minor children,[2] of whom the child whose dependency is at issue in the present appeal is the elder, a four-year-old as of the date of the hearing. *See* N.T., April 22, 2021 (N.T.), at 1. The trial court was familiar with the family, as it had been dealing with this family for at least two years. *See id.* at 41-42. The trial court expressed particular concern about two facts established at the hearing: first, Mother had taken the child to the hospital because the child had said something that raised suspicion that Mother's partner at the time may have sexually abused the child, and Mother took the child to the hospital but then left before the child could be examined and when asked was less than forthcoming about what had happened. *See id.* at 89-91.[3] Second, marijuana kept in a candy wrapper was found next to

---

[2] The other minor child is not a subject of this appeal.
[3] The child was found to have a urinary tract infection and was treated for that infection after being removed from her parents' care and control. N.T. at 70.

the child's bed. *See id.* Father gave inconsistent testimony about his line of work and work schedule, and at the time of the hearing had an outstanding criminal matter wherein a bench warrant had recently issued. *See id.* at 91-92. Mother elected not to testify. *See id.* at 78.

DHS testimony describes the family as "very uncooperative" and "threatening" and reports that DHS workers brought police with them when an encounter with the family was anticipated because Father assaulted a DHS worker at one point. N.T., 4/22/21, at 56. The child has been placed with a relative, who received threatening text messages from Mother and Father, including a shooting threat. *See id.* at 9-10. Both parents have missed scheduled visits with the child, and both are minimally compliant and have made only minimal progress toward reunification. *See id.* at 18-20. The child reported that "mother and father fight a lot . . . she said they hollered, screamed, and hit each other." *Id.* at 70. Because her parents failed to keep the child current with routine medical care and needs, those appointments were able to occur only after DHS intervention and the child's removal from Mother's home. *See id.* at 60, 65, 91.

Under the Juvenile Act, a dependent child is one "who[] is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals." 42 Pa.C.S.A. § 6302(1). Proper parental care has been defined by this Court as "care which (1) is geared to the particularized needs of the child

and (2) at a minimum, is likely to prevent serious injury to the child." *In the Matter of C.R.S.*, 696 A.2d 840, 845 (Pa. Super. 1997).

Even after a child has been declared dependent, removal from the home is not a foregone conclusion. The Juvenile Act requires a court to make certain findings before it may remove a dependent child from their home. *See* 42 Pa.C.S.A. § 6351(b). Here, the court found that removal was justified pursuant to § 6351(b)(1) and (2), finding that leaving the child in Mother's home would be detrimental to the health and safety of the child and that DHS had made reasonable efforts to prevent removal of the child from Mother's home.

Both appellants attack the sufficiency of evidence supporting the trial court's dependency adjudication and removal of the child from Mother's home, arguing that lesser measures would ameliorate the child's home situation and therefore removal was too radical a measure. *See* Father's Brief at 16-18;[4] Mother's Brief at 26-29. First, we conclude that all the trial court's findings are supported by competent evidence, and these findings provide an adequate legal basis for the finding of dependency. The evidence of domestic conflict, Mother's drug use, and concerns over child's medical care combine to provide a sufficient basis for the court to find that child lacks sufficient parental care in Mother's home.

---

[4] We note that Father did not object to the finding due to his own housing situation. *See* N.T., 4/22/21, at 83. As such, Father has waived this argument on appeal. *See* Pa.R.A.P. 302. Nevertheless, as we address Mother's identical challenge, we conclude that even if Father had preserved this argument, it would merit no relief.

While both Mother and Father highlight ambiguities in the evidence presented, these ambiguities are caused by the parents' lack of cooperation with DHS. We will not reward parents' failure to cooperate and failure to take necessary steps to assuage the court's reasonable concerns regarding the child's safety.

Turning to whether removal was necessary, we once again conclude the trial court's findings are supported by competent evidence. Further, these findings are sufficient to support the conclusion that removal was necessary. The concerns about drugs being in plain view in the child's room, combined with the concerns over the child's medical care, are sufficient to justify the court's conclusion that leaving the child in Mother's home would be detrimental to the child's health and safety.

Further, because Father seemingly threatens or assaults any "outsider" who attempts to intervene on the child's behalf, and because DHS had to hire a private investigator to find the child due to her parents' efforts to hide her from DHS' supervision and care, we cannot fault the trial court for concluding that the child's parents would continue to resist lesser interventions and the risk was too great that the child would simply disappear again, should ameliorative efforts continue.[5]

_____

[5] **See** N.T. at 42, 5-56, 63 (Mother's repeated refusal to divulge the child's location); 56 (Father assaulted DHS worker while Mother fled with child); 75-76 (Father again assaults DHS worker while Mother absconds with child again); 48 (DHS finally locates family with assistance from a private investigator).

Mother and Father have resisted DHS efforts to ameliorate the troubling and difficult circumstances of the child's home life, seemingly going to great lengths to avoid any interference with aspects of their lives that are detrimental to or incompatible with the child's needs. Plainly, exposing the child to chronic drug use, domestic violence, and medical neglect is not consistent with her welfare, safety, and health. As the evidence presented sufficiently supports the trial court's reasoning, we find no abuse of discretion here.

Cases consolidated *sua sponte*. Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2021